JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV 6335**

DISTRICT 6 HEALTH PLAN and its TRUSTEES, and
DISTRICT 6 PENSION PLAN and its TRUSTEES,

08 Civ. _____

Plaintiffs,

-against-

CONFIDENCE MANAGEMENT SYSTEMS, INC., d/b/a
GOLDEN GATE NURSING HOME, and d/b/a SILVER
LAKE NURSING HOME,

Defendant.

COMPLAINT

RECEIVED JUL 15 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, the District 6 Health Plan and the District 6 Pension Plan (sometimes, hereinafter, collectively the "Plans") and their Trustees, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by multiemployer health and pension benefit funds through their respective Boards of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions to the Plaintiff Plans. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions to the Plans, Defendant not only violated its collective bargaining agreements with

the Union and the respective trust agreements with the Plans, but also committed violations of ERISA.

## JURISDICTION

2. This Court has subject matter jurisdiction of the claims brought by the Plans pursuant to §§ 502(e)(1) and (f), and § 515 of ERISA, 29 U.S.C. § 1132(e)(1) and (f) and 1145, and § 301(c) of the Taft Hartley Act, 29 U.S.C. §185.

3. The United States District Court, Southern District of New York is the proper venue for the Plans' claims pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Plans are administered in New York, New York within this District and for all claims pursuant to §301 of the Taft Hartley Act, 29 U.S.C. § 185, in that the work performed pursuant to the collective bargaining agreements occurred within this District.

## THE PARTIES

4. The Plaintiff Plans are multiemployer labor-management employee benefit trust funds under a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Plans are multiemployer employee benefit plans within the meaning of Sections 3(2), 3(3), 3(37), and 515 of ERISA, 29 U.S.C. §§ 1002(2), (3), (37) and 1145. The Plans are administered at 730 Broadway, New York, New York 10003. They are represented in this action by their Trustees, who are each a "fiduciary" with respect to the Plans within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. Upon information and belief, at all times relevant hereto, Defendant Confidence Management Systems, Inc. ("Confidence Management") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce

within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Defendant Confidence Management maintains its principal place of business at 1420 East Linden Avenue, Linden, New Jersey 07036

6. Upon information and belief, at all times relevant hereto, Defendant Confidence Management doing business as "Golden Gate Nursing Home" (Confidence Management d/b/a/ Golden Gate) at 191 Bradley Avenue, Staten Island, New York, 10314 conducted business in the State of New York.

7. Upon information and belief, at all times relevant hereto Defendant Confidence Management doing business as "Silver Lake Nursing Home" (Confidence Management d/b/a Silver Lake) at 275 Castleton Avenue, Staten Island, New York, 10301 conducted business in the State of New York.

## BACKGROUND

8. The Plaintiff Plans provide health and pension benefits to members of District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union").

9. At all times relevant hereto, Defendant Confidence Management was signatory to a collective bargaining agreement with the Union establishing the terms and conditions of employment for Defendant's employees performing covered work ("Collective Bargaining Agreement").

10. Pursuant to the Collective Bargaining Agreement, Defendant Confidence Management agreed to pay the Plaintiff Plans benefit contributions for each hour worked by employees covered by the Collective Bargaining Agreement.

11. Upon information and belief, at all relevant times, Defendant Confidence Management employed certain employees covered under the Collective Bargaining Agreement.

12. Defendant Confidence Management has not fulfilled its statutory and contractual obligations to pay the required benefit contributions to the Plaintiff Plans on behalf of employees who perform work covered by the Collective Bargaining Agreement.

13. Representatives of the Plans conducted an audit of Confidence Management's books and records covering the period May 31, 2002 through May 6, 2003.

14. The audit revealed that Confidence Management owed benefit contributions to the Plaintiff Pension Plan for work performed at the Golden Gate Nursing Home from May 31, 2002 to May 6, 2003 in the principal amount of $610.00, plus interest thereon of $367.34, liquidated damages thereon of $122.00 and audit costs of $97.84, amounting in all to $1,197.18.

15. The same audit revealed that Confidence Management owed benefit contributions to the Plaintiff Health Plan for work performed at the Golden Gate Nursing Home from May, 31, 2002 to May 6, 2003 in the principal amount of $14,680.00, plus interest thereon of $8,827.49, liquidated damages of $2,936.00, and audit costs of $1,859.03, amounting in all to $28,302.52

16. Representatives of the Plans conducted an audit of Confidence Management's books and records covering the period May 7, 2003 through December 31, 2005. That audit revealed that Confidence Management owed benefit contributions to the Plaintiff Health Plan for work performed at the Golden Gate Nursing Home in the principal amount of $19,120.00, plus interest thereon of $8,165.27, liquidated damages of $3,824.00, and audit costs of $1,822.50, amounting in all to $32,931.77.

17. The audit also revealed that Confidence Management owed benefit contributions to the Plaintiff Pension Plan for work performed at the Silver Lake Nursing Home from May 31, 2002 to May 6, 2003 in the principal amount of $1,030.00, plus interest thereon of $614.53, liquidated damages of $206.00, and audit fees of $97.84, amounting in all to $1,948.37.

18. The audit revealed that Confidence Management owed benefit contributions to the Plaintiff Health Plan for work performed at the Silver Lake Nursing Home from May 31, 2002 to May 6, 2003 in the principal amount of $19,940.00, plus interest thereon of $11,879.38, audit fees of $1,859.03 liquidated damages thereon of $3,988.00, amounting in all to $37,666.41.

19. The Plaintiff Trustees duly demanded payment of these amounts owed by Defendant Confidence Management. Defendant Confidence Management failed to pay Plaintiffs, in whole or in part.

## FIRST CLAIM FOR RELIEF

20. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 19 hereof.

21. As a result of work performed at the Golden Gate Nursing Home by individual employees of Defendant Confidence Management, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Pension Plan from Defendant Confidence Management, for the period May 31, 2002, through May 6, 2003, benefit contributions in the principal amount of $610.00, interest thereon in the amount of $367.34, liquidated damages of $122.00, and audit costs of $97.84.

22. No part of the benefit contributions contractually due the Plan has been paid by Defendant Confidence Management, and the Plan has been damaged by the Defendant's failure to pay contributions due and owing for the period from May 31, 2002 through May 6, 2003.

23. Defendant Confidence Management's failure to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement.

24. Accordingly, Defendant Confidence Management d/b/a Golden Gate Nursing Home is liable to the Plan for benefit contributions due and owing for work performed during the

5

period from May 31, 2002 through May 6, 2003 in the principal amount of $610.00, plus interest thereon in the amount of $367.34, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $122.00, and audit costs of $97.84, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## **SECOND CLAIM FOR RELIEF**

25. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 hereof.

26. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

27. Upon information and belief, Defendant Confidence Management d/b/a Golden Gate Nursing Home, by the terms of the Collective Bargaining Agreement, failed to pay required monetary contributions owed for the period from May 31, 2002, through May 6, 2003, to the Plaintiff Pension Plan incurred as a result of work performed by individual employees of Defendant Confidence Management. Defendant's failure to make contribution payments constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

28. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

29. Accordingly, Defendant Confidence Management d/b/a Golden Gate Nursing Home is liable to the Plaintiff Pension Plan for the payment of required monetary contributions

owed for the period from May 31, 2002 through May 6, 2003 and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### THIRD CLAIM FOR RELIEF

30. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 hereof.

31. As a result of work performed at the Golden Gate Nursing Home by individual employees of Defendant Confidence Management, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Health Plan from Defendant Confidence Management d/b/a Golden Gate Nursing Home for the period May 31, 2002, through May 6, 2003, benefit contributions in the principal amount of $14,680.00, interest thereon in the amount of $8,827.49, interest accrued to date, liquidated damages of $2,936.00, audit costs of $1,859.03, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

32. No part of the benefit contributions contractually due the Health Plan has been paid by Defendant Confidence Management, and the Plan has been damaged by the Defendant's failure to pay contributions due and owing for the period from May 31, 2002 through May 6, 2003.

33. Defendant Confidence Management's failure to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement.

34. Accordingly, Defendant Confidence Management d/b/a Golden Gate Nursing Home is liable to the Health Plan for benefit contributions due and owing for work performed

during the period May 31, 2002 through May 6, 2003 in the principal amount of $14,680.00, plus interest thereon in the amount of $8,827.49, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $2,936.00, audit costs of $1,859.03, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## FOURTH CLAIM FOR RELIEF

35. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 34 hereof.

36. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

37. Upon information and belief, Defendant Confidence Management, by the terms of the Collective Bargaining Agreement, failed to pay to the required monetary contributions owed for the period May 31, 2002, through May 6, 2003, to the Plaintiff Health Plan incurred as a result of work performed at the Golden Gate Nursing Home by individual employees of Defendant Confidence Management. Defendant's failure to make contribution payments constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

38. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

39. Accordingly, Defendant Confidence Management d/b/a Golden Gate Nursing Home is liable to the Plaintiff Health Plan for the payment of required monetary contributions owed for the period from May 31, 2002 through May 6, 2003 and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### FIFTH CLAIM FOR RELIEF

40. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 39 hereof.

41. As a result of work performed as the Golden Gate Nursing Home by individual employees of Defendant Confidence Management, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Health Plan from Defendant Confidence Management, for the period May 7, 2003, through December 31, 2005, benefit contributions in the principal amount of $19,120.00, interest thereon in the amount of $8,165.27, interest accrued to date, liquidated damages of $3,824.00, audit costs of $1,822.50, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

42. No part of the benefit contributions contractually due the Plan has been paid by Defendant Confidence Management, and the Plan has been damaged by the Defendant's failure to pay contributions due and owing for the period from May 7, 2003 through December 31, 2005.

43. Defendant Confidence Management's failure to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement.

44. Accordingly, Defendant Confidence Management d/b/a Golden Gate Nursing Home is liable to the Plan for benefit contributions due and owing for work performed during the period from May 7, 2003 through December 31, 2005 in the principal amount of $19,120.00, plus interest thereon in the amount of $8,165.27, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $3,824.00, audit costs of $1,822.50, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## SIXTH CLAIM FOR RELIEF

45. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 44 hereof.

46. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

47. Upon information and belief, Defendant Confidence Management, d/b/a Golden Gate Nursing Home by the terms of the Collective Bargaining Agreement, failed to pay the required monetary contributions owed for the period from May 7, 2003, through December 31, 2005, to the Plaintiff Health Plan incurred as a result of work performed by individual employees of Defendant Confidence Management. Defendant's failure to make contribution payments constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

48. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if

none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

49. Accordingly, Defendant Confidence Management d/b/a Golden Gate Nursing Home is liable to the Plaintiff Health Plan for the payment of required monetary contributions owed for the period from May 7, 2003 through December 31, 2005 and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### SEVENTH CLAIM FOR RELIEF

50. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 49 hereof.

51. As a result of work performed as the Silver Lake Nursing Home by individual employees of Defendant Confidence Management, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Pension Plan from Defendant Confidence Management, for the period May 31, 2002, through May 6, 2003, benefit contributions in the principal amount of $1,030.00, interest thereon in the amount of $614.53, interest accured to date, liquidated damages of $206.00, audit fees of $97.84, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

52. No part of the benefit contributions contractually due the Plaintiff Pension Plan has been paid by Defendant Confidence Management, and the Plan has been damaged by the Defendant's failure to pay contributions due and owing for the period from May 31, 2002 through May 6, 2003.

53. Defendant Confidence Management's failure to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement.

54. Accordingly, Defendant Confidence Management d/b/a Silver Lake Nursing Home is liable to the Plan for benefit contributions due and owing for work performed during the period from May 31, 2002 through May 6, 2003 in the principal amount of $1,030.00, plus interest thereon in the amount of $614.53, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $206.00, audit fees of $97.84 plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## EIGHTH CLAIM FOR RELIEF

55. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 54 hereof.

56. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

57. Upon information and belief, Defendant Confidence Management, by the terms of the Collective Bargaining Agreement, failed to pay the required monetary contributions owed for the period from May 31, 2002, through May 6, 2003, to the Plaintiff Pension Plan incurred as a result of work performed as the Silver Lake Nursing Home by individual employees of Defendant Confidence Management. Defendant's failure to make contribution payments constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

58. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on

the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

59. Accordingly, Defendant Confidence Management d/b/a Silver Lake Nursing Home is liable to the Plaintiff Pension Plan for the payment of required monetary contributions owed for the period from May 31, 2002 through May 6, 2003 and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### NINTH CLAIM FOR RELIEF

60. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 59 hereof.

61. As a result of work performed at the Silver Lake Nursing Home by individual employees of Defendant Confidence Management, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Health Plan from Defendant Confidence Management, for the period May 31, 2002, through May 6, 2003, benefit contributions in the principal amount of $19,940.00, interest thereon in the amount of $11,879.38, interest accrued to date, liquidated damages of $3,988.00, plus audit costs of $1,859.03, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

62. No part of the benefit contributions contractually due the Plaintiff Health Plan has been paid by Defendant Confidence Management, and the Plan has been damaged by the Defendant's failure to pay contributions due and owing for the period May 31, 2002 through May 6, 2003.

63. Defendant Confidence Management's failure to make the required contributions to the Plan constitutes a violation of the Collective Bargaining Agreement.

64. Accordingly, Defendant Confidence Management d/b/a Silver Lake Nursing Home is liable to the Plan for benefit contributions due and owed for work performed during the period May 31, 2002 through May 6, 2003 in the principal amount of $19,940.00 plus interest thereon in the amount of $11,879.38, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $3,988.00, plus audit fees of $1,859.03 plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## **TENTH CLAIM FOR RELIEF**

65. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 64 hereof.

66. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

67. Upon information and belief, Defendant Confidence Management, by the terms of the Collective Bargaining Agreement, failed to pay to the required monetary contributions owed for the period from May 31, 2002, through May 6, 2003, to the Plaintiff Health Plan incurred as a result of work performed at the Silver Lake Nursing Home by individual employees of Defendant Confidence Management. Defendant's failure to make contribution payments constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

68. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on

the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

69.   Accordingly, Defendant Confidence Management d/b/a Silver Lake Nursing Home is liable to the Plaintiff Health Plan for the payment of required monetary contributions owed for the period from May 31, 2002 through May 6, 2003. and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

WHEREFORE,

(1)   The Plaintiff Pension Plan demands judgment on its First Claim for Relief against Confidence Management d/b/a Golden Gate Nursing Home as and for benefit contributions in the amount of $610.00 for the period from May 31, 2002 through May 6, 2003, interest thereon in the amount of $367.34, plus additional amounts for interest accrued to date, liquidated damages in the amount of $122.00, and audit costs of $97.84, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(2)   The Plaintiff Pension Plan demands judgment on its Second Claim for Relief against Defendant Confidence Management d/b/a Golden Gate Nursing Home for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(3)   The Plaintiff Health Plan demands judgment on its Third Claim for Relief against Confidence Management d/b/a Golden Gate Nursing Home as and for benefit contributions in

the amount of $14,680.00 for the period from May 31, 2002 through May 6, 2003, interest thereon in the amount of $8,827.49, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $2,936.00, and audit costs of $1,859.03, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(4) The Plaintiff Health Plan demands judgment on its Fourth Claim for Relief against Defendant Confidence Management d/b/a Golden Gate Nursing Home for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(5) The Plaintiff Health Plan demands judgment on its Fifth Claim for Relief against Defendant Confidence Management d/b/a Golden Gate Nursing Home as and for benefit contributions in the amount of $19,120.00 for the period May 7, 2003 through December 31, 2005, interest thereon in the amount of $8,165.27, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $3,824.00 and audit costs of $1,822.50, plus reasonable attorneys' fess and other expenses incurred in connection with the auditing and collection procedures;

(6) The Plaintiff Health Plan demands judgment on its Sixth Claim for Relief against Defendant Confidence Management d/b/a Golden Gate Nursing Home for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(7) The Plaintiff Pension Plan demands judgment on its Seventh Claim for Relief against Confidence Management d/b/a Silver Lake Nursing Home as and for benefit contributions in the amount of $1,030.00 for the period from May 31, 2002 through May 6, 2003, interest thereon in the amount of $614.53, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $206.00, audit costs of $97.84, plus reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(8) The Plaintiff Pension Plan demand judgment on its Eighth Claim for Relief against Defendant Confidence Management d/b/a Silver Lake Nursing Home for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(9) The Plaintiff Health Plan demands judgment on its Ninth Claim for Relief against Defendant Confidence Management d/b/a Silver Lake Nursing Home as and for benefit contributions in the amount of $19,940.00 for the period May 31, 2002 through May 6, 2003, interest thereon in the amount of $11,879.38, plus additional amounts for interest accrued to date, liquidated damages thereon in the amount of $3,988.00, audit costs of $1,859.03 plus reasonable attorneys' fess and other expenses incurred in connection with the auditing and collection procedures;

(10) The Plaintiff Health Plan demands judgment on its Tenth Claim for Relief against Defendant Confidence Management d/b/a Silver Lake Nursing Home for the payment and/or submission of all delinquent benefit contributions and for statutory damages, together with

reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, and costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(11)   Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 15, 2008

>                    BARNES, IACCARINO, VIRGINIA,
>                    AMBINDER & SHEPHERD, PLLC
>
>                    By: _____
>                    Charles R. Virginia (CV 8214)
>                    Marc A. Tenenbaum (MT 3426)
>                    Trinity Centre
>                    111 Broadway, Suite 1403
>                    New York, New York 10006
>                    (212) 943-9080
>                    Attorneys for Plaintiffs

U:\Winword Documents\District 6 Benefit Funds\Collections\Confidence Management\Complaint July 15, 2008.doc